## LAUER *v.* SCHMIDT.

[No. 2,993.   Filed Feb. 2, 1900.   Rehearing denied June 7, 1900.]

BREACH OF MARRIAGE PROMISE.—*Evidence.*—The testimony of plaintiff in an action for a breach of marriage promise that defendant asked her to marry him, that she consented, that he asked her to go to his home and get it ready for the marriage, and that the day for

the marriage was fixed, was sufficient to justify the jury, if they believed the testimony to be true, in finding that there was an unconditional promise and agreement to marry. *p. 55.*

BREACH OF MARRIAGE PROMISE.—*Excessive Damages.*—A judgment for breach of marriage promise will not be reversed as excessive unless the amount assessed clearly appears to have been the result of prejudice, partiality, or corruption. *pp. 55, 56.*

From the Vanderburgh Superior Court. *Affirmed.*

*John Brownlee* and *L. J. Herman,* for appellant.
*F. B. Posey* and *D. Q. Chappell,* for appellee.

HENLEY, J.—This was an action commenced by appellee against appellant to recover damages for the breach of a marriage contract. The appellant answered by the general denial. A trial by jury resulted in a verdict for appellee, assessing her damages at $1,400. Appellant's motion for a new trial was overruled, and judgment rendered for the amount of the verdict. The sufficiency of the pleadings is in no way questioned. It is insisted by counsel for appellant that the lower court erred in overruling the motion for a new trial; first, because there is no evidence that the appellant made an unconditional promise to marry appellee, and second, that the damages are excessive. Conceding that a promise to marry must be unconditional before an action for its breach can be maintained, we think the evidence in this case is such as would justify the jury, if they believed the witnesses were truthful, in finding that there was an unconditional promise and agreement to marry. Appellee testified that appellant asked her to marry him; that she consented; that he asked her to go to his house and get it ready for the marriage, and that the day for the marriage was fixed. The jury seem to have taken the testimony of appellee as true. A careful reading of the evidence in this cause would lead any one who was unacquainted with the parties, the witnesses, and the surrounding circumstances to the conclusion that the damages assessed were excessive, but the evidence is not of such a character as would take

this cause out of the operation of the established rule of this court, that judgment will not be reversed on account of the amount of damages assessed in cases of this class, unless the amount assessed clearly appears to have been the result of prejudice, partiality, or corruption. We find no reversible error. Judgment affirmed.